In the Matter of the Estate of CARRIE AHRENS, Deceased.

Surrogate's Court, New York County, July 16, 1945.

*Ambrose V. McCall, Edwin F. X. Silk* and *Otto A. Samuels* for Ethel Ahrens, as general guardian of Jerome M. Ahrens, Jr., petitioner.

*Joseph C. Slaughter* and *Morris Katz* for Mortimer Regensburg and others, as executors and trustees, respondents.

DELEHANTY, S. On this application to compel them to account the respondent-trustees seek by motion to dismiss the proceeding on the ground that the court is without jurisdiction over them. In substance the trustees say that the court has jurisdiction only over a continuing testamentary trust and has no jurisdiction over one which has terminated by action of the trustees. They contend that their conduct in transferring the trust principal to the primary income beneficiary is not reviewable by this court at the instance of the secondary beneficiary. Finally they say that whatever injury has been done to the secondary beneficiary is compensable only through the medium of an action in a court of general jurisdiction.

At the time the motion to dismiss was argued the court indicated its disagreement with the trustees' position but gave them leave to file a brief and has given consideration to such brief. The court adheres to its original viewpoint and holds that the court has jurisdiction to inquire whether the conduct of the trustees in purporting to terminate the trust was within the terms of the powers conferred upon them by deceased's will.

In *Matter of Briggs* (101 Misc. 191, 202–203, 205, affd. 223 N. Y. 677) the position now taken by the accounting trustees was considered and rejected. The Surrogate in the cited case made these pertinent comments: " The power and duty of the court to determine as a question of fact whether he, in good faith, exercised his judgment, and whether, in his honest judgment, the use which he made of the property was necessary and proper, limits the power of Briggs to dispose of the entire estate absolutely without any possible review of his action. * * * The claim that the action of Mr. Briggs may not in any event be reviewed because testatrix took away all remedy by providing that in no event should he be liable for principal so used, and that therefore his title to any principal which he might seize is unassailable, is not well founded. He is not liable for any property used within the wide limits of his authority, but is liable for any aggression beyond that, and to that extent must be held accountable."

In *Matter of Wilkin* (183 N. Y. 104, 114) the court had under consideration a will which gave broad discretion to a fiduciary to pay principal and income of a fund to a son of the testator with provision for paying over to others whatever remained at the son's death. The question at issue in the courts below had been the good faith of the fiduciary in making certain payments. The ruling in the Court of Appeals was that all payments made by the trustee " in good faith should be

allowed, but that every payment made in bad faith should be disallowed and restitution required." The rule for decision is stated by the Court of Appeals thus (p. 113): " The discretion of the trustee was not absolute, but it was a sound discretion, to be exercised according to her best judgment and in the best of faith, which is always true of such authority, unless stated in terms to be otherwise. Discretion may excuse honest errors of judgment, but it never excuses bad faith, which violates the fundamental principle upon which every trust rests, for a trust implies confidence and confidence excludes bad faith. The practice of bad faith by a trustee is treason to the law of his existence." The court remitted the matter to the surrogate for trial, apparently without any doubt that the surrogate had power to make the inquiry under the stated rule.

Of like import are *Matter of Clark* (280 N. Y. 155) and *Matter of Wentworth* (230 N. Y. 176). The governing principle is stated in 2 Scott on Trusts (§ 187.4) thus: " No matter how broad the language of the trust instrument may be in conferring discretion upon the trustee, he will never be permitted to act dishonestly or in bad faith. It is seldom of course that a testator would intend to permit the trustee to act in bad faith; it is usually possible as a matter of construction of the trust instrument to find an intention on the part of the settlor to require good faith of the trustee in the exercise of powers conferred upon him by the instrument. The question, however, is not wholly one of construction. Even if the settlor does intend to confer upon him power to act in bad faith, he will not be permitted to do so. Public policy does not permit the creator of a trust to deprive the courts of all power of control."

On the authorities cited the court holds that it is vested with full jurisdiction to determine the validity of the claim of the trustees that they terminated the trust within the power granted them by the will of deceased. The motion to dismiss the application to compel an account is in all respects denied. Submit, on notice, order accordingly.