In the Matter of the Accounting of FANNY BREMER, as Administratrix C. T. A. under the Will of SOPHIE FISCHER, Deceased.

Surrogate's Court, New York County, October 17, 1946.

*Edward F. Anderson* for Fanny Bremer, administratrix *c. t. a.*, petitioner.

DELEHANTY, S. Deceased made her will in 1936 while domiciled in this State. She died in 1944 while so domiciled. In her will she made a gift of $1,000 with direction that it be paid to a sister resident in Switzerland " or her survivors ". The sister named as the intended beneficiary died before deceased leaving a husband and nine children surviving her. The question is one of identity of the beneficiaries of the gift of $1,000.

Had the quoted phrase not been used section 29 of the Decedent Estate Law would have been applicable and the money would

have gone in equal shares to the nine children of the sister. It is clear however that the words " or her survivors " as used in the will are words of substitution (*Matter of Evans*, 234 N. Y. 42) and so the cited section is without pertinence.

At the time the will was drawn section 47-c of the Decedent Estate Law had not been enacted (L. 1938, ch. 181, eff. March 28, 1938). However, it had been on the statute books more than five years when deceased died. It is held by the court to be applicable to deceased's will (*Matter of Koch*, 282 N. Y. 462). The section defines certain terms commonly used in wills and says that they " and any terms of like import shall be · * * * construed to mean the distributees, including a surviving spouse, who are defined in section eighty-three of Decedent Estate Law ". Since the laws of this State govern the devolution of this property and the gift in terms is made to the " survivors " of deceased's sister the entire group who would take as distributees of the sister under our law are the beneficiaries of the gift. The fact that the sister of deceased was and that her spouse and issue are domiciled in Switzerland is of no importance (*Matter of Battell*, 286 N. Y. 97, 101–102).

Reading the terms of this will as constituting a direction for payment to the distributees of deceased's sister it follows that the distribution is to be made in accordance with the provisions of our law and hence one third of the sum is payable to the surviving spouse of the sister and the remaining two thirds in equal shares to her children.

Submit, on notice, decree construing the will and settling the account accordingly.