Appeal from a decree of the Surrogate’s Court of Suffolk County which settled the accounts of the executor and construed the “ Sixth ” paragraph of the will of Louise Miller Rollins, deceased. By the “ Sixth ” paragraph of her will, testatrix bequeathed to the appellants, the children of Frank Rollins, “ all of the property which I received from the estate of my beloved husband, Frank Rollins, in my possession at the time of my death, consisting of Five Thousand ($5000) Dollars, which I have invested upon the building and improvements upon Oakmere, the East Marion Property, and Ten Thousand ($10,000) Dollars, invested in American Telephone and Telegraph stock”. It was also provided that appellants were to receive any “ dividends, stock rights or other income from said Ten Thousand ($10,000) Dollars”. At the time of her decease, the testatrix owned one hundred shares of American Telephone and Telegraph stock which had been transferred to her by the estate of her husband, Frank Rollins. The only controversy here is whether appellants are entitled to the hundred shares of stock, having a market value in excess of $15,000, or to the sum of $10,000 mentioned in connection therewith. The $5,000 referred to as having been invested in the East Marion property is not involved on this appeal. The Surrogate has held that appellants are to receive the sum of $10,000 and not the stock itself. In our opinion, this construction of the will is unwarranted. Under its express terms, there was a specific bequest of “ all of the property ” received from the estate of testatrix’ husband. That bequest included the hundred shares of American Telephone and Telegraph stock which she had received from his estate, and appellants are entitled thereto, together with the dividends thereon. The intention of the testatrix was clearly set forth, and resort to canons of construction in order to ascertain intention was therefore unnecessary. (Matter of James, 146 N. Y. 78, 100; Matter of Claris, 280 N. Y. 155, 160.) Decree modified on the law and the facts in accordance with this memorandum. As thus modified, the decree is unanimously affirmed, with costs to each party filing a separate brief, payable out of the estate, and the matter is remitted to the Surrogate’s Court for the entry of a decree accordingly. Present — Lewis, P. J., Hagarty, Johnston, Adel and Nolan, JJ.