In the Matter of the Accounting of EDWARD E. HOENIG et al., as Executors of WILLIAM M. SULLIVAN, Deceased Executor of ALEXANDER SILOTI, Deceased.

Surrogate's Court, New York County, March 2, 1948.

*Edward E. Hoenig* for executors, petitioners.

*John F. X. McGohey, United States Attorney (James A. Devlin of counsel),* for Tom C. Clark, Attorney General of the United States as successor to the Alien Property Custodian, petitioner.

*Robert V. Santangelo,* special guardian for Levko Siloti, Jr., and another, infants, respondents.

COLLINS, S.   A proceeding for judicial settlement of the account of the deceased executor and a proceeding for construction of decedent's will have been consolidated.   The will creates a trust of the residuary estate and directs the executor and trustee " to apply any or all of the principal or interest as may be necessary for the care and maintenance " of decedent's daughter during her life.   It is stated in the will that at the date thereof the daughter was and for some time had been a patient in an institution in Germany.   The will directs that upon the daughter's death " any part of the principal so remaining together with any accumulated income thereon " be divided among decedent's living children and the issue of any deceased child or children.

The will was executed in the year 1941, approximately four years prior to decedent's death. The representatives of the deceased executor assert that prior to the date of decedent's death his daughter had been discharged as a patient of an institution and was self-supporting. These accounting parties say that the executor determined there was no need to apply income for the care and maintenance of the daughter and the executor in the exercise of his discretion made no payment from income or principal to her or for her benefit.

The Attorney General of the United States, who, heretofore, vested all the right, title, and interest of the daughter in the trust, has petitioned for construction of the will and for a direction that he be paid the amount determined to be necessary for the care and maintenance of decedent's daughter. The Attorney General contends that any private means of the daughter may not be considered in determining the amount necessary for her care and maintenance. He relies upon the rules of interpretation considered in *Holden* v. *Strong* (116 N. Y. 471), *Rezzemini* v. *Brooks* (236 N. Y. 184), *Matter of Martin* (269 N. Y. 305), and *Matter of Clark* (280 N. Y. 155).

The interpretation to be given to decedent's will is controlled by his intention. Canons of construction and presumptions of intention which have developed from comparisons of reported decisions and from fine distinctions between locutions found in different wills need be resorted to only if decedent's intention is not otherwise apparent. (*Matter of Clark, supra; Matter of James,* 146 N. Y. 78; *Matter of Buechner,* 226 N. Y. 440.) There is here a clearly evidenced primary purpose to provide the institutional care which the daughter required at the date of the will and presumably would require after decedent's death. The duty *to apply* the trust moneys for the care and maintenance of the beneficiary is imposed upon the trustee. The testator in making that direction may have been motivated by his knowledge of the physical condition of the beneficiary or by the fact that a state of war existed in Europe at the date of the will. Either of these facts would make payment of the income to the beneficiary impracticable. The particular motive of decedent is not material. Although the trustee might be warranted in a particular circumstance to make cash payment to the beneficiary and such payment would not constitute an abuse of discretion (*Holden* v. *Strong, supra*), under the language of the will the obligation to see that the ultimate benefit from the trust reaches the beneficiary in the form of care and maintenance rests always

upon the trustee. A refusal to make cash payment directly to the beneficiary cannot under any circumstance be considered a violation of the trustee's duty. The Attorney General stands in no better position than the beneficiary (*Kahn* v. *Garvan*, 263 F. 909, *Matter of People* [*Second Russian Ins. Co.*], 256 N. Y. 177).

It is not contended that the executor temporarily withheld a portion of income in the manner condoned in *Bloodgood* v. *Lewis* (209 N. Y. 95), *Hill* v. *Guaranty Trust Co.* (163 App. Div. 374), and *Matter of Littman* (165 Misc. 285). It is asserted that the executor in completely withholding income acted within the terms of the will. In this connection it is not necessary to determine whether the will provision directing that upon the daughter's death there be a division of " accumulated income " contains an implicit provision for accumulation of income during the daughter's lifetime. Such a provision could not be valid. (Personal Property Law, § 16; Real Property Law, § 61.) The court considers the expression " accumulated income " as used in this will to refer to income uncollected at the daughter's death. During the lifetime of the daughter it is the duty of the trustee to apply the trust moneys to the care and maintenance of the beneficiary but if such application for valid reason is not made, the trust income is to be paid to the person or persons presumably entitled to the next eventual estate. (*Matter of Denniston*, 157 Misc. 80, 83; *Matter of Walbridge*, 178 Misc. 32, 37.)

If factual issues were here present the proof of them could be considered since the trustee's discretion is subject to supervision by the court. (*Matter of Ahrens*, 185 Misc. 427, affd. 269 App. Div. 977.) However, the question presented to the court is one of law only. Upon the present record the court cannot say that the failure to apply either trust income or principal for the care of the daughter has been an abuse of discretion.

Submit decree on notice construing the will and settling the account in accordance with this decision.