In the Matter of the Construction of the Will of WILLIAM ATKINS, Deceased.

Surrogate's Court, New York County, May 14, 1948.

*George A. Hopkins* for Central Hanover Bank & Trust Company and another, as executors and trustees under the will of William Atkins, deceased, petitioners.

*Michael C. Gray* for Genevieve T. Atkins, petitioner.

*William C. Mayer* for Malcolm J. Baber and others, respondents.

COLLINS, S. This is a proceeding brought for construction of provisions of decedent's will. The question first presented is whether or not there exists a privilege to invade the principal of the residuary trust for the benefit of decedent's widow. The court holds that such authority is granted in the will to the trustees.

The plan of the will is to provide comfortable support for decedent's widow and for the maintenance and education of any child. The will directs that for such purposes the principal of the trust may be resorted to in the event of a deficiency of income. This major design of decedent is expressed in subdivision a of the second article of the will. There follow provisions for various contingencies which might have taken place had decedent been survived by a child or children. Subdivision e of the same article provides particularly for the event that occurred, the death of decedent without issue. This provision directs in that circumstance that the trustees pay to the widow the net income " as aforesaid ". This direction refers back to the initial subdivision and must be read in conjunction with it in order to ascertain the significance of decedent's direction and to determine his intention. When the trust provisions are read as constituting a single scheme, the aim of which was to provide comfortable support for decedent's widow, it is apparent that decedent had no thought to diminish the provision for his widow or to nullify the power of invasion for her benefit in the event he should die childless. Nothing in the will explicitly or by implication revokes such benefits.

Since the widow is herself a trustee, the power of invasion is to be executed consistently with the provisions of section 141 of the Real Property Law.

A further question arises as to whether or not the personal resources of the widow must be given consideration in determining the extent of any invasion for her support. The court holds that the will contains an absolute gift of support which decedent made a charge upon both income and principal. The private income of the beneficiary cannot be considered in determining her needs (*Matter of Martin,* 269 N. Y. 305; *Matter of Clark,* 280 N. Y. 155).

A subsidiary question concerns the propriety of payment of $5,750 requested by the widow. This question presents only an issue of fact as to whether such payment is necessary for the

widow's comfortable support. The parties concede that such payment is a proper one for the comfortable support of the widow and raise no issue of fact with respect thereto.

The widow asserts a limited right of election to take the sum of $2,500 to be deducted from the principal of the trust pursuant to paragraph (b) of subdivision 1 of section 18 of the Decedent Estate Law. Decedent's will was executed prior to the effective date of that statute. However, a codicil to the will executed in the year 1939 effected a republication of the will which for the purposes of the widow's election speaks from the date of the codicil. The widow is entitled to the benefit of the statute. (*Matter of Greenburg,* 141 Misc. 874, affd. 236 App. Div. 733, affd. 261 N. Y. 474; *Matter of Simeone,* 141 Misc. 737.) The fact that the widow is entitled to this payment is not to be given consideration in determining the amount of any invasion for her support. (*Matter of Bodenstein,* 257 App. Div. 901; *Matter of Stott,* 178 Misc. 338).

The trustees inquire as to their authority to retain certain securities which shortly before decedent's death came into his possession as remainderman of a terminated testamentary trust in another jurisdiction. It has been suggested that when decedent requested that such remainder interest be distributed to him in kind rather than in cash he then indicated an intent that such securities be retained by his trustees. Decedent's conduct is not susceptible of that interpretation. The consent to take in kind expressly states that decedent desired to procure the securities in order to hold them for a better market than the one existing at the time the consent was given. Decedent was privileged to speculate with his own property. His trustees are not so privileged. Decedent's will contains no authority either to retain investments made by decedent or to invest in nonlegals. The court cannot authorize such retention.

The final question concerns the identity of the trust remaindermen. The will directs that upon the widow's death the trust corpus be divided among " the living survivors " of three named individuals " they to take per stirpes and not per capita." The court holds that the remainder gift is contingent and that the trust corpus will be payable upon the widow's death to the named persons' issue, per stirpes. As used in this will the locution " living survivors " is synonymous with " surviving issue " or " surviving descendants." (*Matter of Fischer,* 188 Misc. 654.) The three named individuals were an uncle and two aunts of decedent. A direction for distribution per stirpes and not per capita among the survivors of such three individuals would be

meaningless. If decedent's words are to be given significance, and they should be, their obvious reference is to the issue or descendants of such individuals among whom a distribution per stirpes would be a natural and usual practice. The provision for a division of the trust principal upon the death of the widow to a class of persons to be identified only at that future time requires that the disposition of the remainder be construed as contingent. (*Smith* v. *Edwards,* 88 N. Y. 92; *Delaney* v. *McCormack,* 88 N. Y. 174; *Delafield* v. *Shipman,* 103 N. Y. 463; *Matter of Baer,* 147 N. Y. 348; *Clark* v. *Cammann,* 160 N. Y. 315; *Matter of Crane,* 164 N. Y. 71; *Wright* v. *Wright,* 225 N. Y. 329; *Matter of Buechner,* 226 N. Y. 440; *Matter of Bostwick,* 236 N. Y. 242; *New York Life Ins. & Trust Co.* v. *Winthrop,* 237 N. Y. 93; *Matter of Fedders,* 187 Misc. 207.)

Submit decree on notice construing the will in accordance with this decision.