In the Matter of the Construction of the Will of ADAM SULIMA, Deceased.

Surrogate's Court, New York County, May 26, 1948.

*Ralph W. Noe* for Fifth Avenue Bank of New York, as trustee under the will of Adam Sulima, deceased, petitioner.

COLLINS, S. In this proceeding for construction of subdivision IV of the fifteenth article of decedent's will the trustee suggests that decedent's direction to apply the trust income to the care, maintenance and support of the beneficiary and to pay any balance of income to the beneficiary be construed as an authorization to pay the entire income as it is collected directly to the beneficiary. The trustee asks the court to make a decree directing such payment of the full income. The court does not so interpret the will.

In other subdivisions of the will decedent created trusts for other beneficiaries and provided that the income be paid to such persons. Decedent's intention in respect of this particular trust was to set aside a fund for the care, maintenance and support of the beneficiary. A major duty of the trustee is to apply the income for such purposes. The will provides that the decision of the trustee as to the proper care, maintenance and support and the amount necessary to be spent therefor shall be binding on all persons interested in the trust. The trustee in accepting its fiduciary position assumed the duty of determining the needs of the beneficiary and of applying income to meet such requirements. This duty cannot be avoided or delegated. (*Matter of Clark,* 280 N. Y. 155, 162; *City Bank Farmers Trust Co.* v. *Smith,* 263 N. Y. 292, 295; *Matter of Ahrens,* 185 Misc. 427, affd. 269 App. Div. 977.) Decedent foresaw the possibility that the entire income might not be consumed in providing for the support of the beneficiary and, in order to avoid contentions that there was either a failure to dispose of such surplus income or an implicit direction for unlawful accumulation of income, he authorized the trustee to pay such surplus to the beneficiary. Under particular circumstances the trustee may be warranted in paying the entire income to the beneficiary as the most effective method of carrying out decedent's mandate (*Holden* v. *Strong,* 116 N. Y. 471) but this does not relieve the trustee of its continuing obligation to see that decedent's intention to provide for the care and maintenance of the beneficiary is realized insofar as income is available for that purpose.

Submit decree accordingly.