S. Samuel Di Falco, S.
After a hearing in this matter all objections to the intermediate account filed by the trustee were withdrawn except as to the following questions which were submitted to this court as matters of law:
(1) Has the accounting trustee properly exercised his discretion in the allocation of all stock dividends to principal pursuant to paragraph Fifteenth of the decedent’s will?
(2) Has the accounting trustee properly exercised his discretion in refusing to invade the principal of the trust as requested by his cotrustee, the life beneficiary of said trust?
(3) Is the accounting trustee entitled to payment of the additional income commissions requested by him as set forth in the account?
Paragraph Fifteenth, subdivision “ F ” of the will states as follows: “ All extraordinary stock dividends and all realized appreciation in the value of stocks, bonds, securities or other property resulting from the sale or other disposition thereof, shall be considered principal and not income, but ordinary stock dividends paid regularly by a corporation in lieu of, or in addition to regular cash dividends, shall be considered income and not principal; provided, however, that the Executors’ and Trustees’ determination as to whether any stock dividend is extraordinary or ordinary or whether any extraordinary cash dividend shall be apportioned or allocated in whole or in part to principal or income shall be conclusive and binding upon all persons now or hereafter interested in the trust estate.”
It can be seen that the trustees have almost absolute and unlimited discretion as to allocation of stock dividends. The accounting trustee has used that discretion by allocating all stock dividends, whether extraordinary or ordinary, to principal. He urges that this discretion is vested solely in him because of the provisions of section 141 of the Beal Property Law. That section has no application here. Section 141 states:
‘ ‘ A power, vested in a person in his capacity as trustee of an express trust, to distribute principal to himself cannot be exercised by him; if the power is vested in two or more trustees, it may be executed by the trustee or trustees who are not so disqualified ”. This section clearly refers only to the power of a trustee to invade the principal of a trust in favor of himself (Matter of Peabody, 277 App. Div. 905). The sole question here is whether the accounting trustee has properly used his discretion in the allocation of stock dividends, or has arbitrarily *289 used such discretion to the detriment of his cotrustee, the life beneficiary of the trust. The paragraph of the will in question states that the ‘ ‘ trustees ’ determination * * * shall be conclusive and binding ”. By such phrase the decedent meant that this discretion was to be exercised by both trustees acting in concert and not singly. It is well established that when the acts of trustees call for the exercise of discretion and judgment, the concurrence of all trustees is necessary. (Cooper v. Illinois Cent. R. R. Co., 38 App. Div. 22, 28; Fritz v. City Trust Co., 72 App. Div. 532, 533, affd. without opinion 173 N. Y. 622; Matter of Ehret, 70 Misc. 576, 579; Matter of Dorland, 100 Misc. 236, 241, 242; Matter of Johnson, 123 Misc. 834.) The court, therefore, directs that the accounting trustee confer with his cotrustee to determine and reach agreement as to which of the stock dividends, if any, were ordinary dividends allocable to income and which, if any, were extraordinary dividends clearly allocable to principal. If after such consultation, agreement cannot be reached, the Surrogate will make the determination.
As to the second question presented in this proceeding, the court upholds the contention of the accounting trustee as to his right to inquire into the personal means and income of the life beneficiary outside of the trust income. The case at bar falls squarely within the rule laid down in Matter of Martin (269 N. Y. 305) and the cases cited therein. (See, also, Matter of Gatehouse, 149 Misc. 648.) As to this question, it is pertinent to note that the life beneficiary, his cotrustee, is disqualified from exercising any power or discretion as to the invasion of the trust for her own benefit, by section 141 of the Real Property Law. (Matter of Atkins, 193 Misc. 273; Matter of Bender, 200 Misc. 768.)
Paragraph Fourteenth of the testator’s will directs: “If my wife * * * should, in the opinion of my trustees, or of a majority of them then acting, require additional funds for her * * * maintenance, comfort, or support, or if my wife * * would, in the opinion of my trustees or a majority of them then acting, be subject to hardship, suffering, or undue inconvenience or embarrassment, said trustees shall have the authority to advance, pay over, use, apply and or distribute, at any time, and from time to time, to or for the use of my wife * * * such amounts of principal * * * as said trustees or a majority of them in their sole and absolute discretion shall deem necessary, proper, and appropriate to provide for the maintenance, comfort, and support of my wife * * * or to prevent * * * her inconvenience and embarrassment”.
*290 The accounting trustee, because of the failure and refusal of the corporate fiduciary named in the will to qualify as a trustee, and because of the disqualification of his cotrustee under section 141 of the Real Property Law, as hereinabove set forth, now has the sole discretion to determine whether an invasion of the trust fund is required for the support, comfort, and maintenance of his cotrustee, the life beneficiary herein. This discretion, although resting solely in the accounting trustee, is not absolute. The court has the right to inquire as to the proper use of such discretion. (Matter of Ahrens, 185 Misc. 427, affd. 269 App. Div. 977; Matter of Clark, 280 N. Y. 155; Matter of Atkins, 98 N. Y. S. 2d 690; 2 Scott on Trusts, § 187.4.) The court, therefore, directs the life beneficiary herein to submit to the accounting trustee a statement of her personal means and income outside of the trust fund as requested by him in accordance with the rule laid down in Matter of Martin (supra). If, after submission of such information, the accounting trustee should act in an arbitrary and capricious manner in his determination as to whether there should be an invasion of the principal of the trust in favor of the life beneficiary, this court will review the matter to determine whether the-accounting trustee has acted properly (Matter of Ahrens, supra; Matter of Clark, supra; Matter of Atkins, supra).
As to the third question, the court finds that the additional income commissions requested by the accounting trustee are properly due him and should be paid. No evidence has been submitted to show that the principal of the trust in question is under $100,000. The objection, therefore, as to the payment of such additional commissions is overruled.
The compensation of the attorney trustee for legal services rendered is fixed and allowed in the amount of $2,500.
Proceed accordingly.