Joseph A. Cox, S.
The testator’s will created three residuary trusts, each of one third of his residuary estate. One trust, for the benefit of the daughter of his first marriage, provides in part as follows: ‘1 Said Trustee is expressly authorized to pay to my said daughter in addition to the aforesaid income so much of the principal of said trust fund as she shall require for her personal use and welfare, not to exceed, however, the sum of Four Thousand ($4,000) Dollars in any one calendar year; such payments, however, not to be cumulative and any payment omitted in one year not to be added to a payment in a subsequent year. ’ ’
The remainder of this trust is bequeathed to two children of the testator’s second marriage.. The two other residuary trusts are identical except for the disposition of the remainders. Each trust is for the benefit of the testator’s widow with authority to invade the principal of one trust for the benefit of the widow and the son of the second marriage and to invade the principal of the other trust for the benefit of the widow and the daughter of the second marriage. The remainder of one of these trusts is bequeathed to such son and the remainder of the other trust is bequeathed to such daughter. In short, the children of the second marriage are the remaindermen of all three residuary trusts.
This proceeding for construction of the will has been brought by the daughter of the first marriage whose request that the trust for her benefit be invaded has been rejected by the trustee upon the ground that it lacks authority under the will to make any payment of principal to the income beneficiary.
It is undisputed that the will authorizes an invasion of principal and the only question arising is whether the will provides an absolute gift of support and maintenance which is charged upon both trust income and trust principal or the gift is one *802 of income accompanied by an authorization to invade principal only in case of the beneficiary’s need. The answer to this question is provided by Matter of Martin (269 N. Y. 305) and, applying the rationale of that decision to the instant will, the conclusion is reached that the private income of the beneficiary is to be considered in determining whether or not there exists a need for invasion of principal. Proof has been taken and it has been established that the existing circumstances warrant an invasion of principal and that such need has existed since the death of the testator. It is held that the requirements of the beneficiary justified a payment to her of $1,500 in each calendar year during that period. If the existing circumstances continue without substantial change, the trustee will be warranted .to make such invasion during the continuance of the trust term (Matter of Lyons, 13 Misc 2d 287, 290).
The court does not accept the suggestion that the quoted text of the will prevents retroactive payments. The direction that the payments shall not be cumulative means only that the trustee, having properly determined the beneficiary’s need in one year to be less than $4,000, may not make a payment in any subsequent year in excess of $4,000. The restriction in the will has no application to a calendar year during which the trustee has refused to invade principal although justification for invasion then existed.
Submit decree on notice construing the will.