S. Samuel Di Falco, S.
The remaining objections to the account in this matter (see 13 Misc 2d 287) raise the following
(1) Has the accounting trustee properly exercised his discretion in the allocation of all stock dividends to principal pursuant to paragraph Fifteenth of decedent’s will?
(2) Has the accounting trustee properly exercised his discretion in refusing to invade the principal of the trust as two issues:
requested by his cotrustee, the life beneficiary of the said trust?
A decision as to the first question requires construction of subdivision F of paragraph Fifteenth of the decedent’s will which reads as follows: ‘ ‘ All extraordinary stock dividends
and all realized appreciation in the value of stocks, bonds, securities or other property resulting from the sale or other disposition thereof, shall be considered principal and not income, but ordinary stock dividends paid regularly by a corporation in lieu of, or in addition to regular cash dividends, shall be considered income and not principal; provided, however, that the Executors’ and Trustees’ determination as to whether any stock dividend is extraordinary or ordinary or whether any extraordinary cash dividend shall be apportioned or allocated in whole or in part to principal or income shall be conclusive and binding upon all persons now or hereafter interested in the trust estate.”
The stock dividends which are involved in this proceeding are in the main dividends declared by the National Cash Register Company. From 1936 to date, the National Cash Register Company has declared four stock dividends at irregular inter *719 vals. This court, does not believe that such dividends can be regarded as “ ordinary stock dividends paid regularly by the corporation in lieu of, or in addition to regular cash dividends ’ ’. On the contrary, these dividends and the dividends which resulted from the estate’s holding of the stock of the Sperry Corporation appear to be extraordinary dividends and as such were properly allocated to principal in accordance with the testator’s intent (Matter of Bank of New York & Fifth Ave. Bank, 105 N. Y. S. 2d 211, mod. sub nom. Matter of Matthews, 280 App. Div. 23, affd. 305 N. Y. 605). However, the accounting trustee has allocated to principal a bond issued by the Republic Pictures Corporation in the face amount of $800, which he received as a result of the merger of Consolidated Film Industries, Inc., with Republic Pictures Corporation. The estate originally owned 59 shares of preferred stock of Consolidated Film Industries, Inc., upon which there were due accumulated unpaid dividends of $13.50 on each share. Upon the merger of the companies the accrued dividends on the old preferred stock were paid by the issuance of the aforesaid Republic Pictures Corporation bond. As the basis for the issuance of said bond was for accumulated dividends which should have been paid over to the trustee beneficiary as income, the court directs that the said bond should now be turned over to the trustee beneficiary, together with all interest and accumulations received thereon from the date of its receipt by the accounting trustee.
It is to be noted that the testator also gave to his trustees the binding and conclusive power to determine whether any stock dividend was ordinary or extraordinary and to allocate it accordingly. In connection with this discretionary power, this court indicated in its prior decision (13 Misc 2d 289) that the trustee beneficiary was not precluded from participation in the exercise of discretion as to the allocation of dividends by section 141 of the Real Property Law. Upon reconsideration of the question, the court holds that section 141 of the Real Property Law precludes the trustee beneficiary from any discretion or participation in any decision concerning the allocation of such stock dividends. The Legislature, when it enacted section 141 of the Real Property Law in 1945, codified pre-existinglaw which prohibited a trustee from distributing principal to himself. (Rogers v. Rogers, 111 N. Y. 228; Robertson v. De Brulatour, 188 N. Y. 301; Matter of Lawler, 215 App. Div. 506; Lenzner v. Falk, 68 N. Y. S. 2d 699.) Since its enactment, our courts have broadened its application to include the disqualification of a trustee in the exercise of discretion by him in determining the amount of income to be distributed to *720 himself. (Matter of Peabody, 277 App. Div. 905; Matter of Heinrich, 195 Misc. 803; Matter of Bender, 200 Misc. 768.) If, in the ease at bar, the trustee beneficiary were allowed to allocate to herself as income stock dividends which otherwise would go to principal, it would in effect constitute an invasion of principal prohibited by section 141 of the Real Property Law.
As to the second question, the court in its prior decision of May 9, 1958 (13 Misc 2d 289), ruled that the trustee beneficiary was precluded by section 141 of the Real Property Law from participation in the decision as to whether there should be any invasion of the principal of the trust in her behalf. (Matter of Atkins, 193 Misc. 273; Matter of Bender, supra; Matter of Peabody, supra.) It also then decided that the accounting-trustee had properly requested the trustee beneficiary to submit information as to her personal means and income (Matter of Martin, 269 iST. Y. 305). Such information has now been submitted and no evidence was introduced at the hearing that would substantiate the claim that the accounting trustee has abused his discretion in refusing to invade the principal of the trust on behalf of the trustee beneficiary. In the absence of a clear abuse of discretion, the court cannot substitute its own discretion in place of the discretion vested in the trustee under the decedent’s will. (Matter of Shiel, 120 N. Y. S. 2d 632; Matter of Clark, 280 N. Y. 155; Matter of Hayden, 172 Misc. 669.)
As the objectant except as hereinabove indicated has failed by any evidence produced at the hearing to show that the accounting trustee has in any way abused his discretion with reference to either the invasion of principal demanded by the trustee beneficiary or in the allocation of stock dividends other than as to the bond of Republic Pictures Corporation, the objections to the account are dismissed.
Submit decree on notice settling the account accordingly.