Piersoh E. Hildreth, S.
In this proceeding for settlement of an intermediate account of the executors, petitioners also request a construction of the will in order to determine certain questions affecting distribution of the estate and allocation of estate taxes. Decedent was survived by her husband and an infant son. The husband is one of the executors and also one of the trustees under the will.
Article “ eighth ” of the will so far as deemed material here provides as follows:
*1047 ‘ ‘ eighth : Should I die leaving descendants me surviving,
then and in that event all the rest, residue and remainder of my property and estate, real, personal or mixed which I may own or to which I may he entitled at the time of my death, of whatever nature and wherever situated, hereinafter referred to as my ‘ residuary estate,’ I give, devise, bequeath and appoint as follows:
“ (a) Fifty (50) percent of my net estate to my Trustees hereinafter named, in trust, nevertheless, for the following uses and purposes:
“ To hold, manage, invest and reinvest the principal thereof, to collect the income thereof, to pay the net income therefrom in monthly or quarter-annual installments to my husband, peter milhollaud, him me surviving, and on his death to pay, transfer, and deliver the principal thereof as it shall then be constituted to the person or persons (including, but not by way of limitation, his estate) and in such shares and in such manner (including, but not by way of limitation, the power to appoint in further trust) as my said husband may by his last Will and Testament appoint.
1 ‘ Anything herein contained to the contrary notwithstanding, my Trustees may, at any time and from time to time pay over to my husband so much or all of the principal of the trust for his benefit as he may direct, which payments shall be absolute and free from all trusts, and upon making any such payments my Trustees shall be fully released and discharged from all further liability or accountability therefor.
“(b) I direct that out of my gross estate, all estate, legacy, inheritance and succession taxes payable in any jurisdiction with respect to my estate, including all such taxes payable in my estate upon property not passing under this my Will and including interest and penalty interest, if any, thereon, shall be paid by my Executors hereinafter named. The balance of my residuary estate, after the payment of such estate, legacy, inheritance and succession taxes as hereinabove provided, I give, devise and bequeath to my Trustees hereinafter named, in trust, nevertheless, for the following uses and purposes:
“ To hold, manage, invest and reinvest the principal thereof and to collect the income thereof and to pay or apply the net income therefrom to the use of such person or persons, belonging to a class composed of my said husband and of my descendants living from time to time during the life of my said husband, as my Trustees may from time to *1048 time in their absolute discretion select to receive the same or any part thereof, or in default of such selection then entirely unto the use of my said husband. On the death of my said husband, or upon my death if my said husband shall not survive me, I direct my Trustees hereinafter named to divide the principal thereof as it shall then be constituted into as many equal shares as there shall then be living children of mine, and deceased children of mine who shall have left issue surviving, and to allocate one of such shares to each child then surviving and one of such shares to the then surviving issue collectively of each such deceased child (the share for the issue collectively of each such deceased child being the share that the deceased child would have taken had he or she then been living).
“Anything contained in this Article eighth (b) to the contrary notwithstanding, my Trustees may, at any time and from time to time, pay over to my husband so much of the principal of the trust, or at any time and from time to time, pay over to any adult child of mine (or to the parent or guardian of any child of mine under twenty-one [21] years of age) so much of the principal of the trust or trusts as my Trustees may, in their absolute discretion, deem advisable, which payment or payments shall be absolute and free from all trusts, and the judgment of my Trustees as to the amount of such payments and the advisability thereof shall be final and conclusive upon all persons interested or who may become interested in my estate, or such trust, and upon making any such payments my Trustees shall be fully released and discharged from all further liability or accountability therefor.
“(c) I direct that payments of principal for the benefit of my said husband be made from the trust under Article eighth (a) of this my Will before being made from the trust under this Article eighth (b) of my Will.”
The first question presented is whether, under article eighth (a), it is mandatory or discretionary with the trustees to make payments of all or part of principal to the surviving husband from time to time if and when he directs such payment. The contention of the husband is that distribution is mandatory if he directs it. The remaining executors-trustees and the special guardian in behalf of the infant son take the position that the trustees are authorized to make such payments from principal, but may exercise their discretion as to whether or not to do so.
*1049 In the opinion of the court the latter position is correct and is what the testatrix intended. Considering the will as a whole, the testatrix has clearly indicated that principal may be invaded for the benefit of her husband. She has given the trustees full power to do so subject to the limitation that the principal of the trust under article eighth, paragraph (a) must be first used and used up completely before the making of any payments to him of principal from the trust under paragraph (b) thereof. But in addition, she also indicates that such distributions of principal are to be discretionary with the trustees. In paragraph (a) of the article she states that they “may” pay “ as he may direct ”; likewise in paragraph (b) of such article that they “ may ” pay. The will further provides that the judgment of the trustees as to the amount and advisability of any payment is to be final and conclusive, thus indicating her intent that the discretion of the trustees might be exercised freely in favor of her husband without accountability to others interested. The normal meaning of the word “may” is permissive. (Matter of Hamersley, 152 Misc. 903; Matter of Anzalone, 151 Misc. 716.) Furthermore, the language of this will must be read in conjunction with section 141 of the Beal Property Law which provides that a power of invasion cannot be exercised by a trustee for his own benefit. (Matter of Atkins, 193 Misc. 273; Matter of Bender, 200 Misc. 768.) If distribution to the husband of all or part of the principal of the trust provided for in article eighth, paragraph (a) were mandatory whenever the husband-beneficiary trustee so directed and were free of discretion of the other trustees, the effect would be the same as if he were sole trustee invading principal for his own benefit in his own uncontrolled discretion. Considering the language used, it is the opinion of the court and the court holds that the testatrix intended to give the trustees other than the beneficiary-husband full .discretion and authority to make distributions of principal to the husband, if and when and to the extent he so directs, but that it is not mandatory for them to comply with any such direction and that the matter is subject to their own sole discretion.
The second question is whether certain real property may be distributed as principal and in kind to the surviving spouse under article eighth of the will. The decedent at her death owned two separate parcels consisting of an apartment and a dwelling, respectively, which parcels the husband is willing to accept in kind, at appraised value as of date of death, as a distribution of principal to him out of the trust under paragraph (a). It appears this ultimate result would be to the *1050 interest of the infant as such parcels are not income producing and therefore are not desirable assets for the trust under paragraph (b). The special guardian offers no objection to such distribution but suggests that the properties must be first allocated to the trust under paragraph (a) after appraisal pursuant to section 268 of the Surrogate’s Court Act. The court concurs in this view and under the circumstances sees no objection, after such appraisal, to the distribution and allocation of such parcels solely to the principal of trust (a). After inclusion in the trust under paragraph (a), the same might be conveyed by the trustees in the discretion of the remaining trustees, to the spouse as a distribution of principal, if requested by him so to do.
The third question is whether any part of the estate taxes are to be charged to the trust for the husband under paragraph (a). In article eighth of her will testatrix disposed of her entire residuary estate by first creating a trust of 50% of “ my net estate ” for the benefit of her husband under subdivision (a). Then in the following separate subdivision (b) she directs that ‘ ‘ out of my gross estate ’ ’ legacy, inheritance and succession taxes be paid, and follows this with a provision reading, “ The balance of my residuary estate, after the payment of such estate, legacy, inheritance and succession taxes * * * I give, devise and bequeath to my Trustees ’ ’, etc.
The direction is that after payment of funeral and administration expenses, legacies and debts one half of what remains, termed by the testatrix “net estate,” is to create trust (a). Then from the remaining one half all taxes are first to be paid after which the balance still left is to be used to establish the trust under paragraph (b). By the words used and the arrangement of such testamentary provisions, the court finds and holds that the testatrix intended and directed that the trust under article eighth (a) be set up before any deduction for estate taxes and that all such taxes be paid from the residuary estate remaining after creation and establishment of trust (a).