■ In the Matter of the Estate of GERTRUDE C. ROSENBERG, Deceased. UNITED STATES TRUST COMPANY OF NEW YORK et al., Appellants; E. ROBERT GIUNTINI, P. C., Respondent.—In a proceeding for the judicial settlement of a trust account, the trustees appeal from stated portions of an order of the Supreme Court, Westchester County, dated December 22, 1978, which, *inter alia,* (1) denied their application to approve the second intermediate account and (2) directed the beneficiaries to refund to the trust certain distributions of principal and, upon failure to do so, directed that the trustees be surcharged. Order reversed insofar as appealed from, on the law, without costs or disbursements, the first, second and third decretal paragraphs thereof are deleted and a provision granting the petitioners' application to judicially settle the second intermediate account is substituted therefor. The terms of the trust provided that the trustees were authorized: "To pay from the principal of each of said trusts, in addition to the payment of income therefrom, such portion thereof, as in the absolute discretion of the trustees, they shall deem necessary because of an accident to, the illness of, or other emergency affecting each of the beneficiaries thereof respectively, and such portion thereof as in the absolute discretion of the trustees they shall deem necessary for the support, maintenance or comfort of said beneficiary, without regard to any income of said beneficiary from other sources or other property that he or she may have; and the said trustees shall not be held accountable to any Court or to any person for the exercise or non-exercise of this completely discretionary power." A careful reading of the language utilized in this paragraph demonstrates that the grantor of this *inter vivos* trust intended to establish two separate and broad provisions for the invasion of principal for the beneficiaries. Specifically, (1) in the case of an emergency affecting a beneficiary, and (2) when necessary for the support, maintenance, or comfort of a beneficiary. Since it cannot be said that the trustees abused their discretion when they invaded the principal of the trust for the beneficiaries, interference with their judgment was improper (see *Matter of Bisconti,* 306 NY 442; *Matter of Clark,* 280 NY 155). Damiani, J. P., Lazer, Gibbons and O'Connor, JJ., concur.