■ In the Matter of the Estate of PASQUALE A. CETTA, Deceased. KATHLEEEN CETTA, Appellant; MICHAEL CETTA, as Executor and Trustee of PASQUALE A. CETTA, Deceased, et al., Respondents. [743 NYS2d 899] —Carpinello, J. Appeal from an order of the Surrogate's Court of Ulster County (Czajka, S.), entered April 25, 2001, which denied petitioner's motion to compel respondent to make trust income and principal distributions to her in one lump sum annually.

Pursuant to the terms of a testamentary trust established by her late husband, Pasquale A. Cetta (hereinafter decedent), petitioner is to receive all of the trust income during her lifetime, as well as 10% of the trust principal "in each calendar year beginning with the calendar year of [decedent's] death."[1] In this proceeding, petitioner claims that respondent Michael Cetta, executor of decedent's will and trustee of the trust (hereinafter the trustee), must distribute the income and principal payments to her in one lump sum on the anniversary of decedent's death (i.e., January 24th of each calendar year) and not on a monthly and quarterly basis, as he apparently has done and intends to do in the future.[2] The crux of petitioner's argument is that, because the trust does not provide for staggered or periodic payments, she is entitled to distribution in the manner she describes. Surrogate's Court dismissed the petition, prompting this appeal.

The trust itself is silent concerning the manner or timing of income and principal payments to petitioner by the trustee. Petitioner argues that if decedent had intended for her to receive monthly and quarterly distributions, he would have

1. If the income payable to petitioner in any given calendar year is less than $200,000, the difference is to be paid from the trust principal.

2. The trustee intends to distribute income to petitioner on a monthly basis in the amount of $16,666.67 and to make quarterly distributions of the principal.

expressed such an intention in the trust document. However, the converse is equally true; that is, if decedent had intended for petitioner to receive the subject distributions in one lump sum on a specific date, he could have expressed such an intention with a specific direction in the trust language itself. Absent any limitation or direction in the trust language itself concerning the manner or timing of these payments to petitioner, the determination remains one for the trustee to make in his discretion with due regard for the interests of petitioner and the remaindermen (*see*, EPTL 11-2.1 [a] [1]). Finding no abuse of that discretion (*see generally*, *Matter of Clark*, 280 NY 155, 163), we affirm the decision of Surrogate's Court dismissing the petition.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.