WARNER, J.
Appellant challenges a final summary judgment in which the trial court ordered appellant to file accountings for various trusts of which appellant was trustee. Because there are disputed issues of material fact as well as the fact that the appellee, as moving party, failed to negate appellant’s affirmative defenses, we reverse.
Appellee, Roy Sanders, is a beneficiary of several trusts that were established by family members, including his grandparents and his stepfather. His mother, Doris Corya, has been trustee of all of the trusts for many years.
The first trust involved in this suit was created by Eleanor Rich, the mother of Doris Corya. Rich executed a will that created trusts for each of her children (Doris and Arthur). The Eleanor Rich trust came into existence in 1974 when Eleanor died. Eleanor’s daughter, Doris Sanders (now Corya), was the trust’s beneficiary as well as its co-trustee.[1] The trust provided income for life to Doris, with the ability to invade principal for her benefit. Upon her death, the remaining principal was to be divided into equal shares for the children of Doris, including her son Roy.
While not mentioned specifically in the complaint, Roy also claimed to be a beneficiary of the Sanders trust. No copy of that trust is in the record. In a deposition, Doris admitted that her mother set up a trust of municipal bonds for her and then to her children. The trust was created in New York in 1953. She claimed to have given a copy of the trust to Roy’s attorneys.
Doris Sanders married John Corya in 1969. The third and fourth trusts involved in this appeal were created by John Corya in 1993. John Corya, a Florida resident, created a revocable trust and an irrevocable trust. John was the beneficiary of the revocable trust during his lifetime. Upon his death all trust income was to be paid to Doris Corya. The trustee had authority to invade principal for the benefit of Doris or for the support, health, and education of the beneficiaries who were the children of Doris and step-children of John Corya. However, after a step-child had attained his or her education, the trustee was not to consider disbursements for their benefit unless there was ample principal for the support of Doris or the other children. After Doris’s death the remaining trust property was divided between Doris Sanders’s children (John Corya’s step-children), Roy Sanders, Rich Sanders, and Eleanor Sanders Drury. The irrevocable trust required the trustee to pay income to Doris for life and permitted the trustee, in the trustee’s sole discretion, to invade principal for the support, education, and maintenance of a beneficiary. Both the Corya Revocable Trust and Irrevocable Trust contained provisions which permitted Doris to deliver copies of the trust accounting to the beneficiaries. Specifically, it stated:
Accountings by Trustee. The trustee shall prepare an account for each taxable year of each trust, and whenever a Trustee ceases to serve, an account shall be prepared from the time of the last prior account through the end of the period of service. The Trustee shall keep each account available for inspec *33 tion by and may deliver copies to the beneficiaries eligible within the period covered thereby to receive benefits from the trust which is the subject of said account, (emphasis supplied)
Roy filed a second amended complaint seeking to compel an annual accounting of the four trusts. Doris answered, denying most material allegations and alleging various affirmative defenses, including statute of limitations, and an allegation of waiver and estoppel alleging that the trusts have been in existence thirty years, and by his conduct Roy should be estopped from demanding any accounting prior to 2008. After some discovery, Roy moved for summary judgment. The trial court granted the motion finding that Doris had the duty to provide Roy with periodic written ac-countings on all the trusts, which she failed to do. The court ordered her to provide accountings for all trusts and granted Roy’s motion for attorney’s fees, which she was not permitted to use trust funds to pay. She appeals. During the pendency of the appeal, and because this court denied a motion for stay, Doris filed various accountings, although Roy objected that they were incomplete. Therefore, we do not deem the issue to be moot. Moreover, our resolution may affect the award of attorney’s fees.
Our decision in this case is controlled by the standard of review of a summary judgment:
The standard of review of an order granting summary judgment is de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla. 2000). When reviewing a ruling on summary judgment, an appellate court must examine the record in the light most favorable to the non-moving party. Weinstein Design Group, Inc. v. Fielder, 884 So.2d 990, 997 (Fla. 4th DCA 2004). Summary judgment cannot be granted unless the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, conclusively show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fla. R. Civ. P. 1.510(c). “[T]he burden is upon the party moving for summary judgment to show conclusively the complete absence of any genuine issue of material fact.” Albelo v. S. Bell, 682 So.2d 1126, 1129 (Fla. 4th DCA 1996).
Fini v. Glascoe, 936 So.2d 52, 54 (Fla. 4th DCA 2006). In addition, a trial court’s decision compelling an accounting is reviewed de novo. Patten v. Winderman, 965 So.2d 1222, 1224 (Fla. 4th DCA 2007).
Doris first argues that the court erred in failing to apply New York law to the Eleanor Rich Trust and the Sanders Trust. The Eleanor Rich Trust has a specific provision requiring that the trust be governed and construed under the laws of New York. While the Sanders trust is not in the record, it was established in New York, and Doris argues it should be governed by New York law. Therefore, she contends that the court erred in applying Florida law to require annual accountings to Roy.
Roy asserts that Doris waived the right to rely on New York law, because she did not raise it in the trial court and provided no New York law contrary to Florida law. In her answer and affirmative defenses, she relied on Florida law. While she did not file any response or affidavits in opposition to the motion for summary judgment, and no transcript of the hearing has been provided, in her motion for rehearing of the order granting summary judgment she also relied on Florida law. We agree that she has waived reliance on New York law by failing to argue it to the trial court. See *34 Marine Envtl. Partners, Inc. v. Johnson, 868 So.2d 423, 426 (Fla. 4th DCA 2003); see also Mesa Air Group, Inc. v. Delta Air Lines, Inc., 573 F.3d 1124, 1130 n. 7 (11th Cir.2009). Moreover, the fact that the Sanders trust is not in the record does not prevent summary judgment for an accounting, because Doris did not dispute the fact that the trust was in existence, and Roy was a beneficiary. That was sufficient to require accountings, and Doris should have filed something in opposition to the motion in order to raise any defenses arising from the trust instrument itself.
As to the two Corya trusts, each had a provision which left to the discretion of the trustee the distribution of an accounting to “beneficiaries eligible within the period covered thereby to receive benefits from the trust which is the subject of said account.” Roy did not conclusively show that he was a beneficiary eligible to receive distributions from the trust. Although the requirement of an annual accounting in section 736.0813(l)(d), Florida Statutes, now overrides a trust provision to the contrary, see section 736.0105(2)(s), Florida Statutes, that provision of the statute was enacted in 2006. Thus, for those periods prior to its enactment, Roy would still be required to show his eligibility as a beneficiary. See also § 736.0813(5), Fla. Stat.
Doris raised several affirmative defenses to the claims for accounting, including estoppel and waiver, as well as statute of limitations defenses. While she did not use the word “laches” in her defenses, the affirmative defenses pled allegations sufficient to constitute laches. Roy did not negate any of the allegations of the affirmative defenses. “‘Before a plaintiff is entitled to a summary judgment of foreclosure, the plaintiff must either factually refute the alleged affirmative defenses or establish that they are legally insufficient to defeat summary judgment.’ ” Frost v. Regions Bank, 15 So.3d 905, 906 (Fla. 4th DCA 2009) (quoting Knight Energy Servs., Inc. v. Amoco Oil Co., 660 So.2d 786, 788 (Fla. 4th DCA 1995)). We conclude that the court erred in granting summary judgment where Roy did not negate the affirmative defenses raised.
Finally, because we have reversed the order granting summary judgment, we also reverse the award of attorney’s fees for further consideration.
POLEN and CONNER, JJ., concur.

. Doris's first husband was Sanders. Her second husband was Corya.