SHEPHERD, J.
This is an appeal by a trust beneficiary from an order and final judgment dismissing his second amended complaint, which sought an accounting, breach of trust, removal of trustees, and surcharge, with prejudice, on the ground the claims are time-barred as a matter of law on the face of the complaint. We reverse the order and final judgment and remand for reinstatement of the second amended com *346 plaint. A brief summary of the facts and procedural history of this case are necessary to explain our decision.
FACTS AND PROCEDURAL BACKGROUND
This is an action filed by Andrew S. Taplin against his father, Martin W. Tap-lin, and Moisés Chorowski,[1] individually and as co-trustees of the Sol. M. Taplin Trust, under agreement dated July 6, 1981, for the use and benefit of his son Martin’s three children, Andrew Taplin, Jennifer Taplin Sazant, and Kristopher Taplin. The trust agreement created three equal trusts for the benefit of the children. Andrew Taplin was twelve-years old when the trust was established. Neither Jennifer nor Kristopher have joined in the action, but are named as nominal defendants.
Andrew alleges his father and Cho-rowski breached their duties as trustees in numerous respects, including failure to fully and properly account for the assets in the trust, withholding distributions (including the terminating distribution), and self-dealing. The trustees’ principal argument is that Andrew Taplin’s causes of action are barred by his failure to object within the limitation periods set forth in section 737.307, Florida Statutes (2007), or, alternately, by the four-year limitation period for bringing an action for an intentional tort under section 95.11(3)(o), Florida Statutes (2007).[2] We disagree.
ANALYSIS

Section 737.307, Florida Statutes

At the time the trust was created in this case, section 737.307 (now section 736.1008), read as follows:
737.307 Limitations on proceedings against trustees after beneficiary receives account.
—Unless previously barred by adjudication, consent, or limitations, an action against a trustee for breach of trust is barred for any beneficiary who has received a final, annual, or periodic account or other statement fully disclosing the matter unless a proceeding to assert the claim is commenced within 6 months after receipt of the final, annual, or periodic account or statement. In any event, and notwithstanding lack of full disclosure, all claims against a trustee who has issued a final account or statement received by the beneficiary and has informed the beneficiary of the location and availability of records for his examination are barred as provided in chapter 95. A beneficiary has received a final account or statement if, being an adult, it is received by him or if, being a minor or disabled person, it is received by his representative as described in s. 731.303.
§ 737.307, Fla. Stat. (1981).[3]
Section 737.307 of the Florida Statutes provides for a limitation on actions against *347 a trustee in two circumstances, delineated respectively by the first and second sentences of the statute. The first sentence imposes a short, six-month limitation period for bringing an action against a trustee for a breach of trust if the beneficiary has received a final, annual, or periodic account “fully disclosing the matter.” The second sentence imposes a four-year limitation period for bringing an action against a trustee for a breach of trust if the beneficiary “has received a final account or statement” and the trustee “has informed the beneficiary of the location and availability of records.”
The distinguishing characteristic between the two limitation provisions is whether the account or statement “fully discloses the matter” to the beneficiary. For the six-month limitation period to apply, there must have been given an “account” or “statement” which “fully discloses the matter.” The second limitation period applies to a trustee when a “final account” or “statement” provided by a trustee does not satisfy the “full disclosure” threshold required of the first, but the trustee also makes pertinent trust records available as required by the statute. Importantly, however, a precondition to the commencement of either limitation period is the receipt by the beneficiary of an “account” or “statement,” whether it is final, annual, or periodic. See Davis v. Monahan, 832 So.2d 708, 711 (Fla.2002) (articulating the Florida Legislature’s statute codifying the limitations period for claims against a trustee under section 737.307, Florida Statutes, is triggered after the beneficiary receives an accounting). It is on this latter requirement the parties join issue.
The trustees assert Andrew Taplin pled himself out of court by alleging he did, in fact, receive an accounting. In so doing, the trustees appear to place primary reliance on an allegation in Count I, which seeks an accounting, in which Andrew alleges, “The Defendants have never provided the plaintiff with a trust accounting as required under Florida law.” The trustees argue the language used in the complaint, “as required under Florida law,” presupposes Andrew did, in fact, receive some type of accounting, just not in accordance with Florida law. We find this to be “too thin a reed” upon which to rest the harshest of consequences meted out in this case. In fact, in Count II, “Breach of Trust and Removal of Trustees and for Damages,” Andrew specifically alleges, “Defendants breached their fiduciary duties to the Plaintiff by, among other things ... [flailing and refusing to provide the Plaintiff with an accounting.” Finally, at the hearing on the trustees’ motion to dismiss the second amended complaint, trustees’ counsel agreed the second amended complaint, if fairly read, asserts Andrew “never got an accounting at all.” Taking the allegations of the second amended complaint in the light most favorable to the plaintiff, as we are required to do, the second amended complaint is not on its face subject to dismissal under section 737.307 of the Florida Statutes.

Chapter 95, Florida Statutes

The trustees next argue at a minimum, the second amended complaint is subject to the four-year statute of limitations period found in section 95.11(3)(o) of the Florida Statutes, which has read at all times pertinent to this case as follows:
*348 95.11 Limitations other than for the recovery of real property — Actions other than for recovery of real property shall be commenced as follows:
[[Image here]]
(3) WITHIN FOUR YEARS.—
[[Image here]]
(o) An action for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or any other intentional tort ....
(emphasis added). As we understand the trustees’ argument, the trustees contend section 95.11(3)(o) limits the reach back of the second amended complaint in this case to four years from the date it was filed. This contention also is flawed.
It has long been recognized at common law that a statute of limitations is inapplicable to shield trustees from their responsibilities to their beneficiaries. Nayee v. Nayee, 705 So.2d 961, 963 (Fla. 5th DCA 1998). As the Florida Supreme Court stated before the turn of the last century:
[I]n cases of continuing trusts that are strictly such, and recognized and enforced in courts of equity only, so long as the relation of trustee and cestui que trust continues to exist, no length of time will bar the cestui que trust of his rights in the subject of the trust as against the trustee [subject to certain exceptions not relevant here].
Anderson v. Northrop, 30 Fla. 612, 12 So. 318, 324 (Fla.1892); see also Sewell v. Sewell Props., 159 Fla. 570, 30 So.2d 361, 362-63 (1947) (“Where the trustee by fraud or deception, or even by keeping quiet when he should speak and account to his cestui, causes the cestui to be ignorant of the rights of the cestui and of the duties of the trustee, laches will not be imputed to the cestui until discovery of the true condition.”). In fact, when the Legislature created chapter 95 in 1872, a statute-denominated “limitations on actions,” the Legislature expressly precluded the applicability of the statute to cases against a trustee of an express trust. See § 95.02, Fla. Stat. (1872) (“This chapter shall not apply to any action ... with respect to any moneys or property held or collected by any officer or trustee or his sureties.”).
In 1974, the Legislature repealed section 95.02. See ch. 74-382, § 26, Laws of Fla. At the same time the Legislature undertook a major revision of section 95.11 of the Florida Statutes, which included the addition of section 95.11(3)(o). The trustees argue by eliminating section 95.02 of the Florida Statutes while simultaneously creating an express subsection of Chapter 95 to cover “intentional torts,” the Legislature sub silencio must have intended the newly minted section 95.11(3)(o) to apply unconditionally to all cases brought against a trustee for breach of trust.
The trustees forget, however, that in the same legislative session in which section 95.02 was repealed, section 737.307, Florida Statutes, was created. See ch. 74-106, § 1, Laws of Fla. As previously noted, the second sentence of section 737.307 provides for a limited application of Chapter 95 to actions against a trustee, namely those actions where (1) “[the] trustee ... has issued a final account or statement [to] the beneficiary,” and (2) “has informed the beneficiary of the location and availability of records for his examination.” See § 737.307, Fla. Stat. (1975). Section 95.02 necessarily had to yield to this incursion by the Legislature into the law of equity. Absent fulfillment by a trustee of the two conditions set forth in the second sentence of section 737.307 of the Florida Statutes, the common law remains in full force and effect with respect to actions brought by a beneficiary against a trustee of a trust. To hold otherwise, as the trustees would *349 have us do in this case, would be contrary to the express language of the law provided to us by the Legislature. See Butler v. State, 838 So.2d 554, 556 (Fla.2003) (“It is presumed that statutes are passed with the knowledge of existing statutes, so courts must favor a construction that gives effect to both statutes rather than construe one statute as being meaningless or repealed by implication.”).
CONCLUSION
Because Andrew Taplin’s second amended complaint cannot fairly be read to invoke any of the triggers found in section 737.307, Florida Statutes, and section 95.11(3)(o), Florida Statutes, does not apply to actions for breach of trust, the trial court erred in dismissing the complaint with prejudice. We reverse and remand for further proceedings.

. The Trust initially designated Martin W. Taplin and Martin Kalb as co-trustees. Kalb resigned on August 17, 1988, and was replaced sometime thereafter by Chorowski.

. A breach of trust is an intentional tort under Florida law. See Patten v. Winderman, 965 So.2d 1222, 1225 n. 1 (Fla. 4th DCA 2007).

. In 2006, the Legislature repealed section 737.307 and created section 736.1008 in its stead. See ch. 2006-217, §§ 10, 48, Laws of Fla.; In re Amends. to the Fla. Probate Rules, 964 So.2d 140, 141 (Fla.2007) ("In 2006, the Legislature repealed chapter 737, Florida Statutes (Trust Administration), and created new chapter 736, Florida Statutes (Florida Trust Code).”). Although this statutory law has been amended several times throughout its existence, see § 737.307, Fla. Stat. (history), for purposes of the issues in this appeal, there is no practical difference in the application of the two statutes. The most substantial change in the law is the addition of slightly *347 more stringent preconditions effective after January 1, 2003. See ch. 2002-82, § 12, Laws of Fla.