Joseph A. Cox, S.
This is a proceeding brought by one of the executors named in the decedent’s will for construction of said will and for the appointment of trustees. The decedent by his will appointed his wife and the petitioning corporate executor as executors and trustees of his will and the trusts created therein but stated that if for any reason his wife failed to qualify or act, a third person named therein was to act as such executor and trustee in her place and stead.
Under article Third of the will the trustees “ acting jointly ” are given discretionary power to invade the trust principal for the benefit of the wife. It is the contention of the special guardian that by reason of section 141 of the Real Property Law the wife cannot exercise this discretion in favor of herself and that she, therefore, cannot qualify as a trustee. This contention cannot be sustained. Although section 141 of the Real Property Law disqualifies the widow with respect to invasions of the trust principal, she is not disqualified from acting as a trustee in all other respects. The language of this section is clear and with respect to this single discretionary power ‘ ‘ it may be executed by the trustee or trustees who are not so disqualified ”. The decedent’s widow is clearly prepared to qualify and act as trustee and section 141 of the Real Property Law places no disability upon her qualification except with respect to the distribution of principal to herself as aforesaid. The court, therefore, directs that letters of trusteeship issue to the decedent’s wife and the corporate fiduciary of the trust created by the decedent (Matter of Bender, 200 Misc. 768; Matter of Atkins, 193 Misc. 273; Matter of Lyons, 13 Misc 2d 287).
*711 Under article Second of his will the testator devised and bequeathed ‘ ‘ any home of which I may die seized and the furnishings thereof * * * to my wife, Vivian Rockwell At the time of his death decedent owned and resided with his wife and children in a co-operative apartment at premises 125 East 74th Street, New York City. The ownership of the apartment is evidenced by the usual stock in the co-operative housing corporation and a proprietary lease. The other real property owned by the decedent on the date of his death consisted of some vacant land in Texas, Florida and California and a winter home owned jointly with his wife in Miami Beach, Florida, which was purchased by the testator in 1957 about a month after his will was executed. The home which decedent referred to in article Second of his will could only refer to the co-operative apartment owned by him at premises 125 East 74th Street, New York City, which he occupied with his wife and children since 1939 and which was purchased by him in 1953. This apartment was his home and the intent of the testator to give it to his wife is clear and unmistakable.
The request of the widow that this court set a criterion to be used to determine the extent to which principal should be invaded is denied. The will grants discretion to the trustee and the primary responsibility for determining the need for an invasion of principal and the extent thereof is the trustee’s. The action of the trustee will be subject to judicial review (Matter of Martin, 269 N. Y. 305, 313-314; Matter of Garrett, 9 A D 2d 545).
The position taken by the special guardian to the effect that the capital assets of the decedent’s wife must be taken into consideration before any invasion of principal shall be made is without foundation. The testator clearly states that if the income from the trust together with “ her ” (the wife’s) income from all other sources is not sufficient, then the trust principal may be invaded. The widow’s income from her capital assets must be considered but not the size and extent of her capital assets (Matter of Robichon, 105 N. Y. S. 2d 491; Matter of Clark, 280 N. Y. 155; Matter of Atkins, 193 Misc. 273; Matter of Paster, 22 Misc 2d 4).
There remains for disposition the question of whether the support, maintenance and education of the decedent’s infant children can be properly charged by the widow as part of her support and maintenance which would justify the inclusion of the cost of such support and maintenance in the computation necessary to arrive at the extent to which the principal of the *712 trust may be invaded. The direction to invade the trust principal, if necessary for the support and maintenance of the wife, must be read as a direction to support and maintain the family unit and to do all things necessary to support the family comfortably. The failure of the testator to specifically provide for the support, maintenance and education of his infant children does not imply or indicate any intention to ignore or neglect them, but indicates instead his complete confidence that his wife would nurture and take care of the children. As stated in Pruyn v. Sears (96 Misc. 200, 212) “ I think the support of the family is clearly incidental to the care, support and maintenance of the beneficiary and that, therefore, it is the duty of the trustees to provide for the same.”
The court, therefore, finds that the cost of the support, maintenance and education of the infants is a proper item to be considered by the trustees in connection with the necessity for invasion of the principal of the trust created under article Third of the testator’s will. Submit decree on notice accordingly.