318 So.2d 530 (1975)
Robert A. MESLER, Jr., et al., Appellants,
v.
Elaine J. HOLLY and O. Ray Gussler, Trustees, Appellees.
No. 74-1099.
District Court of Appeal of Florida, Second District.
September 5, 1975.
Rehearing Denied September 25, 1975.
*531 Orrin M. Gowen of Fisher, Sauls, Adcock, DeLoach & Gowen, St. Petersburg, for appellants.
John T. Allen, Jr., St. Petersburg, for appellees.
McNULTY, Chief Judge.
Plaintiffs-appellants seek a declaration of their rights under a certain inter vivos trust created by Frederick L. Way, deceased. Their "amended complaint for declaratory judgment and for other relief connected therewith and for removal of *532 Elaine J. Holly as trustee, for an accounting, and for other relief connected therewith" was dismissed for "failure to state a cause of action." We reverse.
The facts are these. On April 9, 1970 the settlor, Frederick L. Way, established two inter vivos trusts: A Florida trust, for the joint benefit of himself for life and appellee, Elaine J. Holly, and of which he and Elaine J. Holly were named co-trustees, and a "Massachusetts Fund" trust under which plaintiffs-appellants, the settlor's great grandchildren, were the principal beneficiaries. The Florida trust instrument provided that upon the death of the settlor the aforesaid Elaine J. Holly would be the sole beneficiary with remainder over to the aforementioned Massachusetts trust. In his will, which he executed the following day, the settlor provided that the residue of his estate pour over into the Florida trust. Appellee O. Ray Gussler is a successor to the decedent as a co-trustee of the Florida trust.
Frederick L. Way died on October 20, 1972, and since that time Elaine J. Holly and the aforesaid O. Ray Gussler have acted as co-trustees under the Florida trust, although it is apparent that Gussler has been acting as such more nominally than actually. Indeed, it appears, at one point he ostensibly resigned but reconsidered and now remains at least a nominal co-trustee.
The dispute herein centers essentially on a provision of the Florida trust which plaintiffs-appellants allege has precipitated an abuse on the part of the co-trustees in the administration thereof, as a consequence of which the remainder is being wrongfully depleted. The critical provision, Paragraph EIGHTEENTH, is as follows:
"A. The CO-TRUSTEES shall hold the trust estate for the use and benefit of ELAINE J. HOLLY under the following provisions:
* * * * * *
2. The CO-TRUSTEES may in their absolute discretion distribute so much of the principal of the trust estate as the CO-TRUSTEES deem necessary to maintain the standard of living to which ELAINE J. HOLLY has become accustomed.
* * * * * *
4. It is the intent of the SETTLOR to grant a life estate to ELAINE J. HOLLY with right of invasion of principal in order to maintain the standard of living to which ELAINE J. HOLLY has become accustomed." (Italics ours.)
Alleging that certain purposes for which the principal has already been invaded are unreasonable and excessive, appellants contend that this paragraph does not give unbridled discretion to the co-trustees to determine or establish a standard of living for Elaine J. Holly, but rather that the absolute discretion given relates solely to the manner, mode, and extent of distributing trust assets, including principal, in order to maintain the standard of living to which she had "become accustomed." This, they contend, is an ascertainable fact which has been exceeded in this case. Appellees, of course, argue that the "absolute discretion" is all inclusive and the trial court agreed with them.
In a lengthy and commendably erudite opinion and order the trial court correctly recognized that the settlor's intent is the polestar by which a trust instrument should be interpreted and construed. Accordingly, he concluded that since the settlor vested the co-trustees with absolute discretion to "... distribute so much of the principal of the trust estate as the co-trustees deem necessary to maintain the standard of living to which Elaine J. Holly has become accustomed," authority was vested solely in the trustees to determine Elaine J. Holly's standard of living and to distribute such principal as is necessary in their discretion for her to maintain that standard. Further, the trial court held that plaintiffs failed to allege any facts showing the co-trustees have exercised their discretion in *533 bad faith, exercised their discretion dishonestly or not within the settlor's presumed intentions. Moreover, the court determined that while the allegations that Gussler had resigned as co-trustee were insufficient, that assuming, arguendo, he has resigned, that it was the settlor's intent for Elaine J. Holly to continue to administer the trust as sole trustee. Finally, the trial court found the co-trustees were not required to account to the beneficiaries until time of their eligibility for distribution.
Considered broadly, the threshold question before us is whether the appellants' amended complaint sufficiently sets forth facts on which plaintiffs could be awarded any relief. We hold that it does.
To begin with, even though a grant of "absolute discretion" to a fiduciary is very broad, it does not relieve a trustee from the exercise of good faith or from being judicious in his administration of the trust, which administration is always subject to review by the court in appropriate instances.[1] Likewise, a trustee is always subject to accountability to remaindermen where discretion is improperly, arbitrarily or capriciously exercised.[2]
Moreover, the courts recognize that where, as here, a trustee is also the sole lifetime beneficiary, such factor is a viable judicial consideration in determining whether the trustee is properly exercising discretionary powers.[3] Concededly, determination of Elaine J. Holly's standard of living is, in the first instance, a function and responsibility of the trustees. While perhaps a court should not fix the criteria for exercise of the discretionary power of the trustees to invade the principal, it certainly may review the exercise of such power.[4] We think, too, that when a trustee is peculiarly influential in making such determination for her own benefit, her discretion in the premises becomes particularly vulnerable to a challenge by remaindermen. And, we apprehend the legitimacy of the plaintiffs' concern where, as here, (1) there is no requirement for the trustees to post a bond for faithful performance of their duties, (2) either trustee may withdraw funds from any bank account in the name of the trust and (3), as the trial court determined, there is no specific requirement in the trust instrument to furnish any inventory, accounting or other information to the remaindermen beneficiaries until their eligibility for receiving distribution. Clearly, a trustee who is also a beneficiary and who is given a power, or discretion, to invade the trust principal has a fiduciary obligation to the remaindermen to keep her demands within reasonable limits.[5] Even an unlimited power of invasion is subject to implied limitations to protect the remaindermen.[6]
We hold, therefore, that allegations that a trustee is the sole lifetime beneficiary, that she has not furnished any accounts or reports of her administration to the remaindermen and that she is not confining her invasions of principal to reasonable limits, as may be set out in the complaint, give rise to an inference of abuse of discretion by the trustee and are sufficient to require the trustee to respond. Trustees are accountable to the courts and their performance may be controlled by the courts.[7] If the evidence discloses any abuse of discretion on the part of a trustee or co-trustees in distributing principal to a lifetime beneficiary, particularly if such beneficiary is a trustee, then the trial court can order *534 appropriate adjustments to correct any abuses in the past and take steps (e.g., to require bonding of trustees, periodic accountings to remaindermen and appropriate supervisory measures) to prevent abuses in the future.
In view whereof, the judgment appealed from should be, and it is hereby, reversed and the cause is remanded for further proceedings not inconsistent herewith.
HOBSON and SCHEB, JJ., concur.
NOTES
[1] 76 Am.Jur.2d Trusts § 182, 183 (1975).
[2] See Mahan v. Lummus (1945), 160 Fla. 505, 35 So.2d 725.
[3] Vol. III, A. Scott, § 187.5 (3 ed. 1967).
[4] See In re Rockwell's Estate (N.Y.Sur.Ct. 1960), 26 Misc.2d 709, 205 N.Y.S.2d 928.
[5] 90 C.J.S. Trusts § 349 (1955).
[6] See Connecticut Bank and Trust Company v. Lyman (1961), 148 Conn. 273, 170 A.2d 130.
[7] See Rosen v. Rosen (Fla.App.3d, 1964), 167 So.2d 70.