RYDER, Acting Chief Judge.
NCNB National Bank of Florida, as Trustee of the Florence E. Hoard Trust, *97 disputes the trial court’s declaratory judgment determining that the trustee had abused its discretion by requiring information as to other sources of income from Mark E. Shanaberger, Sr. prior to satisfying his trust principal invasion demand for his nursing home and related medical expense. Because we hold that the trustee must under these circumstances look to outside resources to evaluate in its. sole discretion what is “necessary” in order to invade the principal, we reverse.
NCNB is the trustee of the Florence E. Hoard Trust which names Mark E. Shana-berger, Sr. as the income beneficiary and directs the trustee to pay the trust’s income to him for his life. The trust further provides that upon the income beneficiary’s death, two remainder trusts are to be created for the benefit of Hoard’s nieces. Like the income beneficiary, the nieces are to receive the trust income until their deaths, after which the trust principal is to be distributed to their surviving children.
Under the trust, NCNB’s obligation to pay the income of the trust to Mark is mandatory, not discretionary. The trust also provides that the trustee “may invade the principal of the trust estate and pay from the said principal so much of it as in the sole discretion of the Trustee is necessary for the care, maintenance, support and medical attention” of Mark Shanaberger. The trust further allows that principal invasions may be made by the trustee in its sole discretion. The trust, however, set no criteria in making the necessity determination. But the trust prohibits the trustee from paying any amounts for the maintenance, support or care of any heirs or dependents of Mark Shanaberger.
The parties stipulated that the settlor, Florence Hoard, and Mark Shanaberger had a close, personal relationship that began in the early 1940’s. At all times relevant to the execution of the Hoard trusts, amendments, wills and codicil, both parties had full knowledge of each other’s respective financial situation, and, as part of that knowledge, Hoard knew that Shanaber-ger’s assets and income at that time exceeded her own and were sufficient to meet any of his anticipated medical costs and expenses without contribution from her trust funds. The parties also stipulated that due to his age and condition, Mark Shanaberger required nursing home care and has resided in a nursing home in Pennsylvania since June 1989.
In July 1989, Richard E. Shanaberger, the son and guardian of Mark Shanaber-ger, requested NCNB to invade the principal of the trust for the payment of the senior Shanaberger’s nursing home expenses and related charges. The expenses averaged $3,100.00 each month. The initial request was for a principal invasion in the amount of $6,245.27. At that time, the entire principal of the trust was approximately $120,000.00. NCNB concluded that it could unconditionally invade the trust principal in the amount of $2,500.00, but it was concerned that repeated requests to invade principal for the payment of Shana-berger’s nursing home expenses would deplete the trust. Before invading principal to any greater extent, NCNB requested information regarding Mark Shanaberger’s other sources of income in an effort to reasonably evaluate whether the invasion was necessary for his care.
Richard Shanaberger refused to provide that information and initiated this litigation, claiming that NCNB abused its discretion by requesting information regarding outside sources of income prior to satisfying his invasion request in full. At trial, it was disclosed that information of outside sources of income was within Richard Shanaberger’s knowledge. After the trial court’s ruling, Richard Shanaberger served an additional demand on NCNB for $64,-425.13. This timely appeal ensued.
The sole issue presented to this court is whether the trustee’s request for information of outside sources of income was an abuse of discretion. Whether, after considering such information, the trustee abuses its discretion in later approving or denying a trust principal invasion is not before the court. Because we need not consider now the settlor’s intent concerning principal invasions, we review only the trustee’s scope of discretion.
A trustee’s exercise of its discretion is not subject to control by the court *98 except to prevent an abuse of discretion. Sarasota Bank & Trust Co. v. Rietz, 297 So.2d 91 (Fla. 2d DCA 1974). A trustee is always subject to accountability to remain-dermen where discretion is improperly, arbitrarily or capriciously exercised. Mesler v. Holly, 318 So.2d 530 (Fla. 2d DCA 1975). Even an unlimited power of invasion is subject to implied limitations to protect the remaindermen. Mesler.
NCNB has never denied the principal invasion request, but only determined in its sole discretion that it could unconditionally distribute only the sum of $2,500.00. The trustee concluded that any additional principal invasion would require consideration of the income beneficiary’s other sources of income to make an informed decision whether it was necessary for his care, maintenance and medical attention. Our review of the record discloses no evidence that the trustee acted dishonestly, arbitrarily or from an improper motive. Absent other criteria upon which to base a decision that a principal invasion is necessary, we hold that the trustee’s request was reasonable. For the foregoing reasons, we reverse and remand for further proceedings.
Reversed and remanded.
FRANK and PARKER, JJ., concur.